UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

STEVEN BARRY RUZA,

        Plaintiff,

Case No. 1:20-cv-504

v.

Honorable Robert J. Jonker

PEOPLE OF THE STATE OF MICHIGAN,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state parolee under 42 U.S.C. § 1983. The matter is before the Court on Defendant's motion to dismiss the complaint (ECF No. 4) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.   Factual allegations

Plaintiff presently is on parole, under the supervision of the Michigan Department of Corrections (MDOC). Plaintiff was sentenced to several offenses in 2017. On August 30, 2017, the Oakland County Circuit Court sentenced Plaintiff, a disbarred attorney, to a prison term of 3 years, 4 months to 20 years, after Plaintiff pleaded guilty to conducting a criminal enterprise, Mich. Comp. Laws § 750.159i. On October 25, 2017, the Ingham County Circuit Court sentenced

Plaintiff as a second-offense habitual offender, Mich. Comp. Laws § 769.10, to respective prison terms of 2 years and 6 months to 6 years and two years and 6 months to 15 years, after Plaintiff pleaded guilty to false certification in relation to a motor vehicle, Mich. Comp. Laws § 257.903, and intent to pass false title of a motor vehicle, Mich. Comp. Laws § 357.254.

Plaintiff sues the People of the State of Michigan. In his complaint, Plaintiff appears to allege that those involved in his criminal prosecution—the Michigan Attorney General, the prosecutor, the sheriff, and the judge—violated his civil rights by permitting a malicious prosecution. He argues that his attorney was both ineffective and acted in concert with these state actors. Plaintiff raises ostensible defenses to the criminal charges against him, including an assertion that the Dodd Frank Wall Street Reform Act, Public Law 111-203, 124 Stat. 1376 (2010), applies to his offense of conducting a criminal enterprise and that the state prosecution therefore was preempted by federal law. Plaintiff challenges the amount of restitution ordered by the sentencing judge, which he contends was entered without his consent or a hearing.

For relief, Plaintiff seeks damages in the amount tortiously taken to satisfy the order restitution and other relief to make him whole. Plaintiff also seeks to overturn his judgment and sentence and to be released from custody.

Plaintiff's § 1983 complaint has been served on the State of Michigan, and the state has filed a motion to dismiss the complaint on the ground of sovereign immunity. Since the filing of the motion to dismiss, Plaintiff has filed a form petition for writ of habeas corpus, in which he attempts to create a hybrid civil rights/habeas action.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**III.     Sovereign Immunity**

Plaintiff has named the "People of the State of Michigan" as the Defendant.  The Court construes such a claim as one against the State of Michigan itself.  *See Flessner v. Michigan*, No. 1:19-cv-1035, 2020 WL 746843, at *2 (W.D. Mich. Feb. 14, 2020); *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997), *aff'd*, 172 F.3d 49 (6th Cir. 1998).

Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Moreover, Eleventh Amendment immunity "is far reaching.  It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corporation v. Department of Treasury,* 987 F.2d 376, 381 (6th Cir.1993); *Seminole Tribe of Florida v. Florida*, 517 U.S. 609 (1996); *Pennhurst*, 465 U.S. 89.  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.  Therefore, Plaintiff's claim against the State of Michigan is properly dismissed for failure to state a claim.

Further, the Supreme Court has recognized that dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or

absolute immunity. *Jones v. Bock*, 549 U.S. 199, 215 (2007). Here, Plaintiff's allegations establish that his complaint against Defendant is barred by sovereign immunity under the Eleventh Amendment.

For both reasons, the Court will grant Defendant's motion to dismiss the complaint, because the complaint fails to state a claim.

## IV. Attempt to Amend to Create Hybrid Civil Rights/Habeas Action

Plaintiff has not filed a response to Defendant's motion to dismiss. Instead, Plaintiff has filed a petition for writ of habeas corpus (ECF No. 8) and a purported supplement to that petition, attempting to create a hybrid civil rights/habeas corpus action, seeking both damages and release from prison.

Although pro se prisoners generally are entitled to amend their complaints prior to screening under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), courts generally have been reluctant to allow hybrid civil rights/habeas actions, given that civil rights actions and habeas petitions have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage. *See Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *4 (E.D. Mich. July 27, 2015); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (reasons for not allowing a prisoner to transform a § 1983 action into one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *Dunbar v. Rozen*, No. 1:18-cv-617, 2019 WL 3213757, at *2 (W.D. Mich. July 17, 2019) (holding that a "hybrid" action involving both civil rights and habeas claims "presents significant problems," and courts typically have directed prisoners to file separate actions) (citing *Kirk v. Jablonski*, No. 18-cv-288, 2019 WL 1283009, at *1 (D.N.M. Mar. 20, 2019)); *Mittelstadt v. Wall*, No. 14-cv-423-jdp, 2014 WL

5494169, at *2 (W.D. Wisc. Oct. 30, 2014) (holding that prisoner "cannot pursue both habeas and § 1983 claims in a single lawsuit"); *Phelps v. Sabol*, C.A. No. 09-cv-40091-MLW, 2010 WL 2640167, at *1 (D. Mass. June 26, 2010) ("The substantive and procedural differences between habeas and *Bivens* claims makes it difficult to convert a habeas petition into a *Bivens* action."); *Hooper v. Caruso, No.* 1:08-CV-1085, 2009 WL 104026, at *2 (W.D. Mich. Jan. 14, 2009) (explaining why a declaratory judgment action should not be converted into a habeas petition).

Where, as here, the Court must dismiss the State from Plaintiff's civil rights case because it is immune from suit under § 1983, concerns about the differences between § 1983 and § 2254 weigh heavily against the creation of a hybrid action. As a consequence, the Court declines to construe Plaintiff's habeas petition as an amendment to Plaintiff's civil rights complaint.

However, to avoid any possible prejudice to the timeliness of Plaintiff's habeas corpus action, the Court will direct the Clerk to file Plaintiff's habeas petition (ECF No. 8) as a new habeas action as of the date it was received by this Court. The Clerk shall also file Plaintiff's supplement to the petition (ECF No. 13) in the new case. Since Plaintiff is not in the custody of a warden, but instead is on parole, the Court shall direct the Clerk to substitute the Michigan Department of Corrections as the Respondent in the habeas action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438-39 (2004) (holding that, where there is not an immediate physical custodian with respect to the challenged custody, the proper respondent is the person or entity with legal control over the petitioner); Mich. Comp. L. § 791.238 (providing that a prisoner on parole remains in the legal custody of the Michigan Department of Corrections); *cf. Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963) (holding that, in Virginia, the Virginia Parole Board was the proper respondent to add in a habeas action filed by a Virginia prisoner who had been released on parole, because state law provides that parolees are transferred to the custody of the Virginia Parole Board).

**Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted, and Plaintiff's civil rights complaint will be dismissed for failure to state a claim. The Court will direct the Clerk to file Plaintiff's habeas petition (ECF No. 8) as a new habeas action, as of the date it was received by the Court, to docket Plaintiff's supplement (ECF No. 13) in the new case, and to substitute the Michigan Department of Corrections as the Respondent.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 12, 2020            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE